AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

CV00-0702

*Instructions—Read Carefully*

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your personal account exceeds $_____, you must pay the filing fee as required by the rules of the district court.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

# United States District Court — Pennsylvania

| Name: Fredi Armando Gonzalez De Leon AKA Mario Lopez | Prisoner No. 57 441 | Case No. A70 944 868 |
|---|---|---|

Place of Confinement: York County Prison

Name of Petitioner (include name under which convicted): Fredi Armando Gonzalez De Leon AKA Mario Lopez

Name of Respondent (authorized person having custody of petitioner): Attorney General Janet Re[no]

V.

Pennsylvania Immigration and Naturalization Service et. all..

The Attorney General of the State of:

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: United States District Court for the Central Distrct of California.

2. Date of judgment of conviction: On June 16, 1998.

3. Length of sentence: Twenty four months.

4. Nature of offense involved (all counts): Assault to a foreing official in violation of title 18 U.S.C. 112 (a)

FILED SCRANTON APR 18 2000 PER ___ DEPUTY CLERK

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court __The Ninth Circuit Court of Appeals__

   (b) Result __Affirmed Petitioner's Conviction.__

   (c) Date of result and citation, if known __On March 22, 1999.__

   (d) Grounds raised __Ineffective assistance oof Counsel.__
   __Petitioner's withdraw his guilty plea.__

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1) Name of court __United States Supreme Court.__

      (2) Result __Denied petition for writ.__

      (3) Date of result and citation, if known _____

      (4) Grounds raised _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

      (1) Name of court __United States Supreme Court.__

      (2) Result __Denied Petition for writ of certiorary__

      (3) Date of result and citation, if known __Nov. 1999.__

      (4) Grounds raised __Constitutional right to withdraw based on rule 32.__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petition, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☐  No ☒

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court _____

      (2) Nature of proceeding _____

      (3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☐

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐  No ☒
(2) Second petition, etc.   Yes ☐  No ☒

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_All court Remedies were exhaust._

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedin[gs]. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which may have other than those listed if you have exhausted your state court remedies with respect to them. However, you sho[uld] *raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are be[ing] held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. [The] petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of [the] nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorab[le to] the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Continued detention in I.N.S. custody in violation of due process right.

Supporting FACTS (state *briefly* without citing cases or law) Mr. Gonzalez was served with a custody determination letter, along with an arrest warran[t] on June 25, 1999. And taken into detention by the I.N.S. After served his twenty four months sentence, at the Low Securit[y] Correctional Institiution Allenwood (L.S.C.I.) Since November 23, 1998 to this date Mr. Gonzalez is not yet under a final order of removal.

B. Ground two: Petitioner was ordered released from custody on respondent's own recognizance by the I.J. William Van Wyke.

Supporting FACTS (state *briefly* without citing cases or law): In a decision dated July 28, 1999, the Immigration Judge terminated proceedings against the petitioner, finding that he was not removable as charge. The Immigration and Naturalization Service has appealed the Immigration Judge's decision, on July 28, 1999. And the Board of Immigration Appeals (B.I.A.) sustained the Service's appeal on January 6, 2000. Vacating and this matter was remanded. (See exhibits attached).

C. Ground three: The petitioner is statutorily eligible for relief under 212 (h)

Supporting FACTS (state *briefly* without citing cases or law): On the BIA's decision dated Jan.6, 2000. The Board held that Mr. Gonzalez is statutorily eligible for relief under section 212 (h) of the act as a result of his aggravated felony conviction, because he is not a lawfull permanent resident. Mr. Gonzalez filed an adjustment of status application I-485 along with a waiver of excludability and an affidavit of support with letters of family members, also proofs of rehabilitation, on March 3, 2000. An individual hearing was held to determined if the petitioner's evidence meets the Service-criteria

D. Ground four

Supporting FACTS (state *briefly* without citing cases or law): D. Ground four: Petitioner's evidence seems not to be enough for the I.NS. (THE SERVICE). Mr. Gonzalez do not understand the Service position on his case, it looks like they just want to hold him in custody indefinitly. If the petitioner is eligible for relief why he can't be release? instead he was served with another court hearing on May 3, 2000 making this a one year long proceedings or m

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing _____

(b) At arraignment and plea _____

(6)

(c) At trial _____

(d) At sentencing _____

(e) On appeal _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒
   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) Give date and length of the above sentence: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_04-02-2000_
(date)

_____
Signature of Petitioner

(7)

IN THE UNITED STATES DISTRIC COURT
FOR THE
MIDDLE DISTRIC OF PA.

FREDI ARMANDO GONZALEZ

petitioner

-v-

U.S. ATTORNEY GENERAL, JANET RENO
I.N.S. COMMISSIONER, DORIS MEINOR
DISTRIC DIRECTOR /s/ M. FRANCO HOLMES
respondent

A-70-944-868

Petition for Writ
of
Habeas Corpus

## MOTION FOR RELIEF PURSUANT TO 28 s.c. §2241

**Come now,** Petitioner, Fredi Gonzalez pro se and respectfully moves this honorable court to grant him relief as to his claim of violation of his constitutional right as it pertains to his continued detention in I.N.S. custudy in violation of his due proces right.
Petitioner, moves this court to apply the standar in.
**HAINES V. KERNER,** 404 u.s. 519 (1972) in regards to pro se and indigent petition file before states and federal courts.

### FACTUAL STATESMENT

**Petitioner,** a native and citizen of Guatemala, enter the United States on or about June 15, 1993. Petitioner status was adjust to that of an asylee on July 17, 1995. And on June 16, 1998 petitioner was convicted in the United States Distric Court, for the Central Distric of California for the offence of assault in violation of title 18, U.S.C. §122 (a). The petitioner, filed an appeal of his conviction in the United States Court of appeals for the Ninth Circuit. The Ninth Cirucit Court of appeal enter its Judgement affirming petitioner's conviction on March 22,1999. The petitioner then filed a timely writ of certiorari to the Supreme Court of the United States on June 15, 1999.**(See anexed petition for writ of certiorari).**
Regardless of petitioner's appeal this honorable court should consider that, on July 28, 1999. At York County Prison in the Immigration court the honoble Judge Van Wyck enter his final decision, terminating removal proceedings agaings the petitioner and order his release from custody on his own recongnizance, a notice of appeal was submit by the I.N.S. the service, on July 28, 1999.
**Petitioner,** respectfully request to this honorable court, to redetermine his custudy status and order, his immediate release from custody, since petitioner has been already penalized for the same offence, being this the only issue and reason for the I.N.S.(the sevice)to keep him in custody **This is a clear case of doble Jeopardy and gross misapplication of the law under false pretense.**
**According to the 5th and 6th Amendment of the U.S. Constitution,** nor-shall, any person be subject for the same offense, to be put twice in Jeopardy of life or limb, body, health, reputation, and the right of personal liberty. **Thus, a person cannot be lawfully imprisoned, twice for the same offense. More over,** when petitioner, has been order release from custody by the immigration, Judge Van Wyck by the general attorney Discretion. **(See exhibits of Judge Van Wyck's final decision, terminating, removal proceedings and order, his release from custody on his own recongnizance and I.N.S. notice of appeal.)**

CERTICATE OF SERVICE

I, the undersigned certify, under penalty of perjury that the foregoing is true and corret: On September 26, 1999 I cause to be served on the following counsel:

> Assistant Distric Counsel
> Immigration & Naturalization Service
> Litigation Unit, Room 530
> 1600 Callowhill Street
> Philadelphia, PA. 19130

My motion and petition for writ of Habeas Corpus pursuant to 28.s.c. § 2241 of the act, in a properly addressed stamped envelope and depositing the aforesaid in the U.S. Mail for delivery.

Dated September 26, 1999

04-06-2000

FREDI ARMANDO GONZALEZ DE LEON

**U.S. DEPARTMENT OF JUSTICE**
Executive Office for Immigration Review
Office of the Immigration Judge

In the Matter of: Gonzalez, Fredi

Case No.: A 70 944 868

Docket: York

RESPONDENT

IN ~~DEPORTATION~~ PROCEEDINGS
Removal

## ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on 7/28/99.
This memorandum is solely for the convenience of the parties. If the proceedings should be appealed, the Oral Decision will become the official decision in this matter.

☐ The respondent was ordered deported to _____.

☐ Respondent's application for voluntary departure was denied and respondent was ordered deported to _____ or in the alternative to _____.

☐ Respondent's application for voluntary departure was granted until _____, with an alternate order of deportation to _____ or _____.

☐ Respondent's application for asylum was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for withholding of deportation was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for suspension of deportation was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for waiver under Section _____ of the Immigration and Nationality Act was ( )granted ( )denied ( )withdrawn ( )other.

☐ Respondent's application for _____ was ( )granted ( )denied ( )withdrawn ( )other.

☒ Proceedings were terminated.

☐ The application for adjustment of status under Section (216)(216A)(245)(249) was ( )granted ( )denied ( )withdrawn ( )other. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

☐ Respondent's status was rescinded under Section 246.

☐ Other _____

☐ Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

_[signature]_
Immigration Judge

Date: 7/28/99

due 8/27/99

Appeal: RESERVED/WAIVED ( A / I / B )

Form EOIR - 37
REV. - JUNE 93

# U.S. DEPARTMENT OF JUSTICE
Executive Office for Immigration Review
Office of the Immigration Judge

In the Matter of: _Fredi Gonzalez_

Case No.: A 70-944-868

Docket: York

**RESPONDENT**

IN DEPORTATION PROCEEDINGS

## ORDER OF THE IMMIGRATION JUDGE

Request having been made for a change in the custody status of the respondent pursuant to 8 C.F.R. 242, and having considered the representations of the Immigration and Naturalization Service and the respondent, it is **HEREBY ORDERED** that:

☐ The request for a change in the custody status of the respondent be denied.

☒ The request for a change in the custody status of the respondent be granted and that the respondent be:

(1) ☒ released from custody on respondent's own recognizance; or,
    ☐ released from custody upon posting a bond of $ _____ : and

(2) the conditions of the bond:
    ☐ remain unchanged; or,
    ☐ are changed as follows: _____

☒ Other _Proceedings terminated_

_[signature]_
Immigration Judge

Appeal due 8/27/99

Date: 7/28/99

Form EOIR - 1

U.S. Department of Justice  
Executive Office for Immigration Review  

Notice of INS Intent to  
Appeal Custody Redetermination  

Date: 7/28/99

Alien Number: A 70944868

Alien Name: Gonzalez-Deleon, Fredi

1. The Immigration and Naturalization Service (INS) asserts that the respondent is subject to section 242(a)(2) of the Immigration and Nationality Act (INA) (as in effect prior to April 1, 1997), section 303(b)(3)(A) of Div. C of Public Law 104-208, or section 236(c)(1) of the INA.

2. The INS:
   - ☒ a. Held the respondent without bond.
   - ☐ b. Set the respondent's bond at $ _____

3. The Immigration Judge on __7/28/99__
   (Date)
   - ☒ a. Authorized the respondent's release.
   - ☐ b. Redetermined the INS bond to $ _____

4. Filing this form on _____ automatically stays the Immigration
   (Date)
   Judge's custody redetermination decision. See 8 C.F.R. §3.19(i)(2).

5. The stay shall lapse upon failure of the INS to file a timely notice of appeal in accordance with 8 C.F.R. §3.38 or upon the INS's withdrawal of this notice.

*Geraldine K. Richardson*  
INS Counsel

I, _Geraldine K. Richardson_ served the Notice of INS Intent to Appeal Custody Redetermination on  
(Name)

_Fredi Gonzalez-Deleon_, on _7/28/99_  
(Respondent or Respondent's Representative)  (Date)

*Geraldine K. Richardson*  
Signature

Form EOIR-43  
6/98