# JUDGE'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDI ARMANDO GONZALES DELEON, | : | CIVIL NO.  1:CV-00-0702 |
| | : | |
| Petitioner | : | (Caldwell, J.) |
| | : | |
| v. | : | |
| | : | |
| JANET RENO, et al., | : | |
| | : | |
| Respondents | : | |

FILED
HARRISBURG, PA

JUN 1 2 2000

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

### RESPONDENTS' EXHIBITS IN SUPPORT OF
### RESPONSE TO THE PETITION FOR WRIT OF HABEAS CORPUS

DAVID M. BARASCH
UNITED STATES ATTORNEY

DULCE DONOVAN
Assistant U.S. Attorney
P.O. Box 11754
Harrisburg, PA 17108
(717) 221-4482
Attorneys for Respondent

## INDEX

Exhibit Number

Board of Immigration Appeals Decision and Order. . . . . . . . 1

Notice to Appear . . . . . . . . . . . . . . . . . . . . . . 2

Judgment and Probation/Commitment Order . . . . . . . . . . . 3

Additional Charges of Inadmissibility/Deportability . . . . . . 4

Order of the Immigration Judge in Removal Proceedings . . . . . 5

Order of the Immigration Judge in Deportation Proceedings . . . 6

Notice of Appeal to the Board of Immigration . . . . . . . . . 7

Notice of Appeal to the Board of Immigration. . . . . . . . . 8

Notice of INS Intent to Appeal Custody Redetermination. . . . . 9

Letter to Judge William Van Wyke from Fredi A. Gonzalez. . . . .10



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**GONZALEZ-DELEON, FREDI ARMANDO**          INS LIT./York Co. Prison/YOR
**600 OLD COLONIAL ROAD**                   3400 Concord Road
**SELLINGSGROVE, PA  17870-0000**           York, PA  17402

Name: **GONZALEZ-DELEON, FREDI ARMANDO**          A70-944-868

**Date of this notice: 01/06/2000**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

Paul W. Schmidt
Chairman

Enclosure

Panel Members:
   COLE, PATRICIA A.
   GRANT, EDWARD R.
   HEILMAN, MICHAEL J.

2000 JAN 10  A 7 40

RECEIVED DEPARTMENT OF JUSTICE

ANDREWSD

**U.S. Department of Justice**                              Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File:  A70 944 868 - York                          Date:    **JAN - 6 2000**

In re:  FREDI ARMANDO GONZALEZ-DELEON  a.k.a. Fredi Armando Gonzalez D'Leon
         a.k.a. Fredi A. Gonzalez  a.k.a. Mario Lopez  a.k.a. Mario F. Lopez

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Pro se

ON BEHALF OF SERVICE:    Jeffrey T. Bubier
                        Assistant District Counsel

CHARGE:

   Notice:  Sec.    237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
                    Convicted of aggravated felony

APPLICATION:  Termination of proceedings


   In a decision dated July 28, 1999, the Immigration Judge terminated proceedings against the respondent, finding that he was not removable as charged.  The Immigration and Naturalization Service has appealed the Immigration Judge's decision.  The appeal will be sustained.

   The respondent, who is a native and citizen of Guatemala, entered the United States without inspection on June 15, 1993.  The respondent was granted asylee status on July 17, 1995.  The record reflects that, while in the United States, he has been convicted of a crime.  He was convicted on June 16, 1998, in the United States District Court, for the Central District of California, of the offense of Assault on a Public Official, in violation of United States Code title 18, section 112(a).  For this offense, he was sentenced to 2 years in prison.

   On May 7, 1999, the respondent was placed in removal proceedings.  See Exh. 1.  At the hearing on July 21, 1999, the respondent admitted the factual allegations, including the allegations concerning the conviction and sentence, though he contended that the conviction was not final because he had filed a petition for certiorari with the United States Supreme Court.  See Tr. at 30-32.  The Immigration Judge found that the respondent's crime was final, but also found that it did not constitute a crime of violence, and thus was not an aggravated felony.  See I.J. at 1-4.

   On appeal, the Service argues that the Immigration Judge erred in terminating proceedings against the respondent.  The Service argues that the respondent's conviction constitutes a crime of violence for which the term of imprisonment is at least 1 year, and thus is an aggravated felony.  See 8 U.S.C. §§ 1101(a)(43)(F); 1227(a)(2)(A)(iii) (1997).

A70 944 868

The Immigration and Nationality Act provides that "Any alien . . . in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens . . . . (iii) Aggravated Felony.--Any alien who is convicted of an aggravated felony at any time after admission is deportable." See 8 U.S.C. § 1227(a)(2)(A)(iii) (1997). The term "aggravated felony" includes "a crime of violence (as defined in section 16 of title 18, United States Code, but not including a purely political offense) for which the term of imprisonment [is] at least one year." See 8 U.S.C. § 1101(a)(43)(F) (1997); 18 U.S.C. § 16 (1997).

The term "crime of violence" means--(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. See 18 U.S.C. § 16 (1997). See also Matter of Alcantar, 20 I&N Dec. 801 (BIA 1994). Felonious assault has been recognized to constitute a crime of violence. See Matter of D-, 20 I&N Dec. 827 (BIA 1994); Matter of Alcantar, supra.

The statute that the respondent was convicted of violating states:

Whoever strikes, wounds, imprisons, or offers violence to a foreign official, official guest, or internationally protected person or makes any other violent attack upon the person or liberty of such person, or, if likely to endanger his person or liberty, makes a violent attack upon his official premises, private accommodation, or means of transport or attempts to commit any of the foregoing shall be fined under this title or imprisoned not more than 3 years, or both. Whoever in the commission of any such act uses a deadly or dangerous weapon, or inflicts bodily injury, shall be fined under this title or imprisoned not more than 10 years, or both.

See 8 U.S.C. § 112(a). We disagree with the Immigration Judge that this statute could be violated by an act of negligence or recklessness. See I.J. at 2-4; Tr. at 41-47.[1] While the means by which an individual might violate this statute are varied, all require specific intent. See United States v. Gan, 636 F.2d 28 (2d Cir. 1980), cert. denied, 451 U.S. 1020 (1981).

Further, violation of this statute by any means would constitute a crime of violence. See United States v. Gan, supra. To strike, wound, imprison, offer violence, or make other violent attack on the person or liberty of a person would involve the use, attempted use, or threatened use of physical force. See 18 U.S.C. § 16(a) (1997). To make or attempt a violent attack upon official premises,

---

[1] However, we note that a crime of violence can be committed with reckless conduct. See United States v. Parson, 955 F.2d 858 (3d Cir. 1992); United States v. Springfield, 829 F.2d 860, 863 n.1 (9th Cir. 1987); Matter of Alcantar, 20 I&N Dec. 801, 806 (BIA 1994).

A70 944 868

a private accommodation, or means of transport would, by its nature, involve a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. See 18 U.S.C. § 16(b) (1997).

Finally, this crime constitutes a felony assault because the maximum sentence is 3 years' imprisonment. See Matter of D-, supra; Matter of Alcantar, supra. Because the respondent was sentenced to a term of imprisonment of 2 years, his conviction constitutes an aggravated felony. See 8 U.S.C. § 101(a)(43)(F) (1997); 18 U.S.C. § 16 (1997).

Though the respondent now claims a lack of culpability for the crime underlying the conviction, this Board and the federal courts have consistently held that an alien may not collaterally attack the legitimacy of an otherwise valid state or federal criminal conviction in immigration proceedings. See Urbina-Mauricio v. INS, 989 F.2d 1085, 1089 (9th Cir. 1993); Matter of Ponce De Leon-Ruiz, 21 I&N Dec. 154 (BIA 1996, 1997; A.G. 1997); Matter of Gabryelsky, 20 I&N Dec. 750 (BIA 1993); Matter of Fortis, 14 I&N Dec. 576, 577 (BIA 1974). Neither the Immigration Judge nor this Board has the authority to look beyond the record of conviction to determine the guilt or innocence of an alien in immigration proceedings. See Matter of Reyes, 20 I&N Dec. 789 (BIA 1994); Matter of Fortis, supra. Rather, such collateral attacks must be addressed to the appropriate criminal court.

On appeal, the respondent argues that he should be granted relief under section 212(h) of the Act. Because the respondent is not a lawful permanent resident, he is not statutorily ineligible for relief under section 212(h) as a result of his aggravated felony conviction. See Matter of Michel, 21 I&N Dec. 1101 (BIA 1998).

Accordingly, the Service's appeal will be sustained.

ORDER:   The Service's appeal is sustained.

FURTHER ORDER:  The Immigration Judge's decision of July 28, 1999, is vacated, and this matter is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

_____
FOR THE BOARD

U.S. Department of Justice
Immigration and Naturalization Service

# Notice to Appear

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A70 944 868

In the Matter of:

Respondent: GONZALEZ-DELEON     Fredi Armando     BOP#12716-112 PRD 6/26/99
            AKA: Mario Lopez
LSCI ALLENWOOD PO BOX 1500
WHITE DEER                                            PA     17887     717-547-1990
                        (Number, street, city, state and ZIP code)                    (Area code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

You are not a citizen or national of the United States;

You are a native of Guatemala and a citizen of Guatemala;

You entered the United States at or near San Ysidro, CA. on or about June 15, 1993 without inspection by an immigration officer;

Your status was adjusted to that of an asylee at Anaheim, CA. on July 17, 1995;

You were, on June 16, 1998, convicted in the United States District Court at the Central District of California for the offense of assault of a foreign official, in violation of Title 18, United States Code, section 112(a).

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(A)(iii) of the of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43) of the Act.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to:     ☐ 8 CFR 208.30(f)(2)     ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:  IMMIGRATION
JUDGE; 1600 CALLOWHILL ST., RM 400 PHILADELPHIA PA 19130
                        (Complete Address of Immigration Court, Including Room Number, if any)
on _____TO BE SET_____ at _____TO BE SET_____ to show why you should not be removed from the United States based on the
            (Date)                        (Time)
charge(s) set forth above.

                                            John E. McCarthy
                                            acting IHP Director
                                            (Signature and Title of Issuing Officer)

Date: 05/07/99

                                            Allenwood, PA
                                            (City and State)

## See reverse for important information

Form I-862 (Rev. 4-1-97)

### See reverse for important information

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before: Date: _____

_____
(Signature and Title of INS Officer)

---

### Certificate of Service

**MAY 1 1 1999**

This Notice to Appear was served on the respondent by me on _____ , in the following manner and in
(Date)
compliance with section 239(a)(1)(F) of the Act:

☒ in person      ☐ by certified mail, return receipt requested      ☐ by regular mail

☒ Attached is a list of organizations and attorneys which provide free legal services.

☒ The alien was provided oral notice in the _____ english _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____          _____
(Signature of Respondent if Personally Served)          D. Bunks, Agent
                                                        (Signature and Title of Officer)

UNITED STATES OF AMERICA                           CR  -1152-DT
Defendant Mario Lopez; true name: Fredi Armando Gonzalez De Leon

                                      Social Security # NONE

Residence  2832 Leeward Avenue, #2    Mailing Address   Same as Residence
           Los Angeles, CA 90005

-----------------------------------------------------------------
                JUDGMENT AND PROBATION/COMMITMENT ORDER
-----------------------------------------------------------------

        In the presence of the attorney for the government, the defendant appeared
person, on: June 15, 1998

COUNSEL:
        ____ WITHOUT COUNSEL
        However, the court advised defendant of right to counsel and asked
defendant desired to have counsel       appointed by the Court and the defenda
thereupon waived assistance of counsel.
        XX  WITH COUNSEL  Ellen Barry, DFPD
PLEA:
        XX  GUILTY, on Count ONE (1), and the Court being satisfied that there is
factual basis for the plea.
        ____ NOLO CONTENDERE          ____ NOT GUILTY
FINDING:
        There being a finding of XX  GUILTY, defendant has been convicted as charg
of the offense(s) of: Assault of a Foreign Official violation of Title 18 Unit
States Code Section 112(a) as charged in Count ONE (1) of the Indictment.

JUDGMENT AND PROBATION/COMMITMENT ORDER:
        The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to
contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursu
to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Mario Lopez; true nam
Fredi Armando Gonzalez De Leon, is hereby committed on COUNT ONE (1) to the custo
of the Bureau of Prisons for twenty four (24) MONTHS.   Upon release fr
imprisonment, the defendant shall be placed on supervised release for a term o
three (3) YEARS on COUNT ONE (1), under the following terms and conditions:
(1):  The defendant shall comply with the rules and regulations of the U.
Probation Office and General Order 318;
(2):  The defendant shall participate in outpatient substance abuse treatment a
submit to drug and alcohol testing, as instructed by the Probation Officer.  T
defendant shall abstain from using illicit drugs and alcohol, and abusi
prescription medications during the period of supervision;
(3):  If the amount of any mandatory assessment imposed by this judgment remai
unpaid at the commencement of the term of community supervision, the defendan
shall pay such remainder as directed by the Probation Officer;
(4): The defendant shall comply with the rules and regulations of the Immigrati
and Naturalization Service (INS), and if deported from this country, eith
voluntarily or involuntarily, not reenter the United States illegally.  Within
hours of release from any custody or any reentry to the United States during th
period of Court-ordered supervision, the defendant shall report to the U. S
Probation Office, located at the United States Court House, 312 North Sprin
street, Room 600, Los Angeles, California, for instruction;
(5): The defendant shall remain at least 100 yards away from the consulate for th
People's Republic of China which is located at 443 Shatto Place in Los Angeles
California;

(continued on page two)

STANDARD C         HONS OF PROBA...

While the ...ndant is on probation or supervised release pu...nt to this Judgment:

1. The defendant shall not commit another Federal, state or local crime;

2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;

3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5. the defendant shall support his or her dependents and meet other family responsibilities;

6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate any person convicted of a felony unless granted permission to do so by the probation officer;

11. the defendant shall permit a probation officer to visit or her at any time at home or elsewhere and shall pe confiscation of any contraband observed in plain vie by the probation officer;

12. the defendant shall notify the probation officer within hours of being arrested or questioned by a law enforcement officer;

13. the defendant shall not enter into any agreement to a as an informer or a special agent of a law enforceme agency without the permission of the court;

14. as directed by the probation officer, the defendant sha notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer make such notifications and to conform the defendan compliance with such notification requirement;

15. the defendant shall not possess a firearm or other dangerous weapon;

16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours

These conditions are in addition to any other conditions imposed by this Judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____7/2-7/9 5_____ to ____#2.F____

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

BY: _____STMP(T_____

DATED: _____

## C E R T I F I C A T E

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: _____    BY: _____

Central District of California

UNITED STATES OF AMERICA                    CR 97-1152-DT

-v-

Mario Lopez; true name: Fredi Armando Gonzalez De Leon
        Date: June 15, 1998

                              Page 2 of 2
------------------------------------------------------------------------
               JUDGMENT AND PROBATION/COMMITMENT ORDER
------------------------------------------------------------------------
                    continued from page one:

SPECIAL CONDITIONS OF SUPERVISED-RELEASE CONTINUED:

(6): The defendant shall not contact, or attempt to contact, the victim of th...
offense in any manner.

In addition to the special conditions of supervision imposed above, it is hereby ordered that t...
Standard Conditions of Probation and Supervised Release set out on the reverse side of th...
judgment be imposed.  the Court may change the conditions of supervision, reduce-or extend t...
period of supervision, and at any time during the supervision period or within the maximum peri...
permitted by law, may issue a warrant and revoke supervision for a violation occurring during t...
supervision period.

_____ This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION shoul...
the Bureau of Prisons designate defendant to a Community Corrections Center.

      Pursuant to Section 5E1.2(f) of the Guidelines, all fines are waive...
including the costs of imprisonment and supervision, as it is found that th...
defendant does not have the ability to pay.

      The Court further orders that the defendant pay a $100.00 special assessmen...
to the United States.

      Government's motion to dismiss any remaining counts in the interest of justic...
is granted and count two (2) is dismissed.

      Defendant is advised of appeal rights.

      Defendant's true date of birth is found to be January 31, 1971.


Signed by:  U.S. District Judge _____
                              Dickran Tevrizian


                                    Sherri R./Carter, Clerk

Dated/Filed __6__ __16__ __98__       By __J. A. Hagerman_____
              Month / Day / Year          Deputy Clerk

While the defendant is on probation or supervised release pursuant to this Judgment:

1. The defendant shall not commit another Federal, state or local crime;

2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;

3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5. the defendant shall support his or her dependents and meet other family responsibilities;

6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;

15. the defendant shall not possess a firearm or other dangerous weapon;

16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours.

These conditions are in addition to any other conditions imposed by this Judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted appeal on: _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____ the institution designated
by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: _____          BY: _____

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

JUN 15 1998

DATED: _____

U.S. DISTRICT COURT

1074

James Hagerman

U.S. Department of Justice

Immigration and Naturalization Service

## Additional Charges of Inadmissibility/Deportability

In:   [X] Removal proceedings under section 240 of the Immigration and Nationality Act

     [ ] Deportation proceedings commenced prior to April 1, 1997 under former section 242 of the Immigration and Nationality Act

### In the Matter of:

Alien/Respondent:  GONZALEZ-DELEON, Fredi Armando

File No.:  A70 944 868  Address:  York County Prison, 3400 Concord Road, York, PA 19533

There is lodged against you the additional charge that you are subject to being taken into custody and deported or removed from the United States pursuant to the following provision(s) of law:

D    Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, as amended (the "Act"), as an alien who has been convicted of an aggravated felony as defined in section 101(a)(43)(F) of the Act.

In support of the additional charges above there is submitted the following factual allegation(s) [X] in addition to  [ ] in lieu of the allegations set forth in the original charging document

*Admitted – but limited denies final conviction*

6.     You were sentenced to more than one year incarceration for the conviction alleged at allegation No. 5 on the Notice to Appear.

Dated:  7/16/99

_____

(Signature of Service Counsel)

additional allegations (continued):

---

### Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the charging document and that you are inadmissible or deportable on the charges contained in the charging document. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

#### Certificate of Service

This charging document was served on the respondent by me on ⁊|2|99 _____ , in the following manner and in
                                                        (Date)

compliance with section 239(a)(1)(F) of the Act:

☑ In person *In Immigration Court*        ☐ by certified mail, return receipt requested        ☐ by regular mail
to: _____
                        (Alien's address)

☐ The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____          _____
(Signature of respondent if personally served)          (Signature and title of officer)

Form I-261(Rev. 4/1/97)N

**U.S. DEPARTMENT OF JUSTICE**
Executive Office for Immigration Review
Office of the Immigration Judge

In the Matter of:                          Case No.: A _70-944-868_

_Fredi Armendi GONZALEZ_         Docket: _Cork PA_

RESPONDENT                    IN ~~DEPORTATION~~ PROCEEDINGS
                                              _Removal_

## ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on ___5/3/00___
This memorandum is solely for the convenience of the parties. If the proceedings should be appealed, the Oral Decision will become the official decision in this matter.

☐  The respondent was ordered deported to _____

☐  Respondent's application for voluntary departure was denied and respondent was ordered deported to _____ or in the alternative to_____ .

☐  Respondent's application for voluntary departure was granted until _____ , with an alternate order of deportation to _____ or _____ .

☐  Respondent's application for asylum was ( )granted ( )denied ( )withdrawn ( )other.

☐  Respondent's application for withholding of deportation was ( )granted ( )denied ( )withdrawn ( )other.

☐  Respondent's application for suspension of deportation was ( )granted ( )denied ( )withdrawn ( )other.

☒  Respondent's application for waiver under Section _212(h) ✗ 209(c)_ of the Immigration and Nationality Act was ( )granted ( )denied ( )withdrawn (☒)other. ✗

☐  Respondent's application for_____was ( )granted ( )denied ( )withdrawn ( )other.

☒  Proceedings were terminated.

☒  The application for adjustment of status under Section ~~(216)(216A)(245)(249)~~ _209(a)_ was (☒)granted ( )denied ( )withdrawn ( )other. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

☐  Respondent's status was rescinded under Section 246.

☒  Other _Waivers would be granted if necessary, but are not_

☐  Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

_necessary because the conviction_
_is not for a crime involving moral_
_turpitude._   _Due 6/2/00_

_____
Immigration Judge

Date: ___5/3/00___

Appeal: RESERVED/WAIVED ( A/I/B )

Form EOIR - 37
REV. - JUNE 93

**U.S. Department of Justice**

Executive Office for Immigration Review

Office of the Immigration Judge

In the Matter of:

Fredi A Gonzalez

RESPONDENT

Case No.: A 70-944-868

Docket: York PA

IN DEPORTATION PROCEEDINGS

## ORDER OF THE IMMIGRATION JUDGE

Request having been made for a change in the custody status of the respondent pursuant to 8 C.F.R. 242, and having considered the representations of the Immigration and Naturalization Service and the respondent, it is **HEREBY ORDERED** that:

☐ The request for a change in the custody status of the respondent be denied.

☒ The request for a change in the custody status of the respondent be granted and that the respondent be:

    (1)   ☒ released from custody on respondent's own recognizance; or,

          ☐ released from custody upon posting a bond of $ _____ : and

    (2) the conditions of the bond:

          ☐ remain unchanged; or,

          ☐ are changed as follows: _____

          _____

          _____

☒ Other Respondents status adjusted + lawful permanent resident under INA § 209(a); the exercise of discretion takes into consideration, waives + supercedes any grounds of removability

Immigration Judge

Date: 5/3/00

due 6/2/00

Appeal: RESERVED/WAIVED ( A / I / B )

Form EOIR - 1
REV. - JUNE 93

MAY-10-2000  14:48        INS DISTRICT COUNSEL            215 656 7148    P.01/02

**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB #1105-0065
**Notice of Appeal to the Board of Immigration**
**Appeals of Decision of Immigration Judge**

**1.** | List Name(s) and "A" Number(s) of all Applicant(s)/Respondent(s): | For Official Use Only

Fredi Armando GONZALEZ DE LEON
File Number: A 70 944 868

SERVICE APPEAL

**!** **WARNING TO ALL APPLICANT(S)/RESPONDENT(S):** Names and
"A" Numbers of everyone appealing the order must be written in Item #1.

**2.** Applicant/Respondent is currently  [x] DETAINED     [ ] NOT DETAINED.

**3.** Appeal from the Immigration Judge's decision dated_____May 3, 2000_____.

**4.** State in detail the reason(s) for this appeal. You are not limited to the space provided below;
use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.

**!** **WARNING:** The failure to specify the factual or legal basis for the appeal may lead to sum-
mary dismissal without further notice, unless you give specific details in a timely, separate
written brief or statement filed with the Board.

1. The Immigration Judge erred in not finding that the respondent's
   conviction for Assault upon a Foreign Official was a crime involving
   moral turpitude.

2. The Immigration Judge erred in finding that the respondent did not
   need a waiver of inadmissibility for his conviction.

3. The Immigration Judge erred in granting adjustment of status under
   Section 209(a) of the Act, as that section of the law is not applicable
   to the respondent.


   ***The Service reserves the right to raise any other probative
      issues on appeal that come to light as a result of reviewing
      the trial transcript.***


      ***SERVICE APPEAL***FEE WAIVED***

*Staple Check or Money Order Here.*
*Include your name(s) and "A" number(s)*

(Attach more sheets if necessary)

(Form continues on back)

MAY-10-2000  14:48        INS DISTRICT COUNSEL                215 656 7148    P.02/02

5.   I   ☒ do
         ☐ do not    desire oral argument before the Board of Immigration Appeals.

6.   I   ☒ will
         ☐ will not  file a separate written brief or statement in addition to the "Reason(s) for
                     Appeal" written above or accompanying this form.

**! WARNING:** Your appeal may be summarily dismissed if you indicate in Item #6 that you will file a separate written brief or statement and, within the time set for filing. you fail to file the brief or statement and do not reasonably explain such failure.

| SIGN HERE ➡ | 7. X _Pamela D. Ransome_ | _May 10, 2000_ |
| --- | --- | --- |
| | Signature of Person Appealing | /Date |
| | *(or attorney or representative)* | |

8.
Mailing Address of ~~Attorney/Representative~~
Appellant:

Pamela D. Ransome, ADC
(Name)

1600 Callowhill Street
(Street Address)

4th Floor
(Apartment or Room Number)

Philadelphia, PA 19130
(City, State, Zip Code)

9.
Mailing Address of ~~Attorney or Representative~~
the Respondent (pro se):

Fredi Armando Gonzalez-DeLeon
Prison #57-441   (Name)

York County Prison
(Street Address)

3400 Concord Road
(Suite or Room Number)

York, PA 17402
(City, State, Zip Code)

**! WARNING:** An attorney or representative will not be recognized as counsel on appeal and will not receive documents or correspondence in connection with the appeal, unless he/she submits a completed Form EOIR-27.

## CERTIFICATE OF SERVICE
### (Must Be Completed)

10.

I _Pamela D. Ransome, Esq., ADC_          mailed or delivered a copy of this notice of appeal
        (Name)

on _____ to the respondent, Fredi A. Gonzalez-DeLeon(pro se)
        (Date)                            (Opposing Party) Prison #57-441

at _York County Prison, 3400 Concord Road, York, PA 17402_____
                    (Address of Opposing Party)

| SIGN HERE ➡ | X_____ |
| --- | --- |
| | Signature of Person Appealing |
| | *(or attorney or representative)* |

### Have You?

☐ Read all of the General Instructions
☐ Provided all of the requested information
☐ Completed this form in English
☐ Provided a certified English translation for all non-English attachments

☐ Signed the form
☐ Served a copy of this form and all attachments on the opposing party
☐ Completed and signed the Certificate of Service
☐ Attached the required fee or fee waiver request



**U.S. Department of Justice**
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB # 1105-0065
**Notice of Appeal to the Board of Immigration**
**Appeals of Decision of Immigration Judge**

---

**1.** List Name(s) and "A" Number(s) of all Applicant(s)/Respondent(s):

    Fredi Armando **GONZALES-DE LEON**
    **File Number: A70 944 868**

    **SERVICE BOND APPEAL**

| **WARNING TO ALL APPLICANT(S)/RESPONDENT(S):** Names and "A" Numbers of everyone appealing the order must be written in Item #1 |

For Official Use Only

---

**2.** Applicant/Respondent is currently    [X] DETAINED    [ ] NOT DETAINED.

**3.** Appeal from the Immigration Judge's decision dated May 3, 2000.

---

**4.** State in detail the reason(s) for this appeal. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.

    **!**    **WARNING:** The failure to specify the factual or legal basis for the appeal may lead to summary dismissal without further notice, unless you give specific details in a timely, separate written brief or statement filed with the Board.

    This is an appeal by the Immigration and Naturalization Service.

    See attached continuation page stating the basis for the appeal.

    ***********************************FEE EXEMPT*********************************

(Attach more sheets if necessary)

**NOTICE OF APPEAL TO THE BOARD OF IMMIGRATION APPEALS
OF THE DECISION OF THE IMMIGRATION JUDGE**
(Continuation Page)

**Fredi Armando Gonzales-De Leon
File Number: A70 944 868**

The Immigration and Naturalization Service, hereinafter referred to as the "Service," hereby files this timely Notice of Appeal of the decision of the Immigration Judge in York, Pennsylvania, dated May 3, 2000, ordering the respondent released from Service custody on his own recognizance. The respondent is statutorily ineligible to be released from Service custody.

The respondent was charged as removable pursuant to sections 237(a)(2)(A)(iii) of the Immigration and Nationality Act, as amended, hereinafter referred to as the "Act." On June 16, 1998, the respondent was convicted in the United States District Court for the Central District of California for the offense of Assault of a Foreign Official, in violation of Title 18, United States Code section 112(a). For that offense the respondent was sentenced to imprisonment for a period of two years. The respondent was released from incarceration directly into Service custody on or about June 23, 1999.

Section 236(c)(1)(B) of the Act provides, in relevant part, that the Attorney General shall take into custody any alien who is deportable by reason of having been convicted any offense covered in, among others, section 237(a)(2)(A)(iii) of the Act, and he may only be released for reasons set forth in section 236(c)(2), none of which are applicable here.

The regulations at 8 C.F.R. section 3.19(h)(2)(i)(D) provide that immigration judges do not have authority to redetermine custody conditions with respect to aliens in removal proceedings subject to section 236(c)(1) of the Act. Thus, the respondent was subject to mandatory detention and the Immigration Judge in these proceedings had no authority to order the respondent's release on his own recognizance.

Additional issues and grounds for appeal may be raised in the Service's appeal brief.

U.S. Department of Justice

Notice of INS Intent to

Executive Office for Immigration Review

Appeal Custody Redetermination

Date: *May 3, 2000*

Alien Number: *A 70 944 868*

Alien Name: *Fredi Armando Gonzalez-de Leon*

1.      The Immigration and Naturalization Service (INS) asserts that the respondent is subject to section 242(a)(2) of the Immigration and Nationality Act (INA) (as in effect prior to April 1, 1997), section 303(b)(3)(A) of Div. C of Public Law 104-208, or section 236(c)(1) of the INA

2.      The INS:

☒ a. Held the respondent without bond.

☐ b. Set the respondent's bond at $ _____

3.      The Immigration Judge on  *May 3, 2000* _____
                                        (Date)

☒ a. Authorized the respondent's release.

☐ b. Redetermined the INS bond to $ _____

4.      Filing this form on  *May 3, 2000* _____ automatically stays the Immigration
                                    (Date)

Judge's custody redetermination decision. See 8 C.F.R. §3.19(i)(2).

5.      The stay shall lapse upon failure of the INS to file a timely notice of appeal in accordance with 8 C.F.R. §3.38 or upon the INS's withdrawal of this notice

_____
INS Counsel

I, **DARYL F. BLOOM**, served the Notice of INS Intent to Appeal Custody Redetermination on
    ( Name)

**FREDI A. GONZALEZ-DE LEON (IN COURT)** on  **5/3/00**
(Respondent or Respondent's Representative )       (Date)

_____
Signature

Form EOIR-43
6/98

JUN-06-2000  13:57      INS DISTRICT COUNSEL                215 656 7148    P.01/01

copy
partys
6/6

wow
closed

To,

HON JUDGE WILLIAM VAN WYKE,

From:

FREDI A. Gonzales. - A # 70 944 868.

Dear Judge,       The reason for this letter is to request you to kindly grant me an order of Removal.

Unfortunately, there is nothing much I can do regarding the I.N.S. position, but to give up and seek an order of Removal thus making it Easy for myself as well as for the I.N.S. I understand that the I.N.S has the Last word and authority to release or deport me.

I Sincerly Thank you for all the help and kindness Shown to me in this matter.

I also request you once again to kindly give priority to my above request.

Thanking you for your time..

Respect fully Requested.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREDI ARMANDO GONZALEZ DELEON,   :   CIVIL NO.  1:CV-00-0702
   :
        Petitioner        :   (Caldwell, J.)
   :
        v.               :
   :
JANET RENO, et al.,          :
   :
        Respondents     :

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 12th day of June, 2000, she served a copy of the attached

### EXHIBITS TO RESPONDENTS' RESPONSE TO THE PETITION
### FOR WRIT OF HABEAS CORPUS

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE(S):

Fredi Armando Gonzalez DeLeon
A70944868
York County Prison
3401 Concord Road
York, PA 17402

DAWN L. MAYKO
Legal Secretary