*See Attachment*

19
5/17/01
*8m*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREDI ARMANDO GONZALEZ DE LEON, :
       Petitioner

                     :

       vs.               :     CIVIL ACTION NO. 1:CV-00-0702

                     :

JOHN ASHCROFT, et al.,
       Respondents      :

**FILED**
**HARRISBURG, PA**

**MAY 16 2001**

M E M O R A N D U M   **MARY E. D'ANDREA, CLERK**
Per_____
                        Deputy Clerk

I.    Introduction.

      The pro se petitioner, Fredi Armando Gonzalez-DeLeon,

filed this petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241.[1]  The Immigration and Naturalization Service

("INS") is detaining Gonzalez-DeLeon at the York County Prison

while it appeals to the Board of Immigration Appeals ("BIA") from

an immigration judge's ruling that adjusted Gonzalez-DeLeon's

status to that of a permanent resident alien and released him on

his own recognizance.

      Gonzalez-DeLeon claims that his continued detention by

the INS violates due process.  He also requests that we

redetermine his custody status and order his immediate release,

----

[1] John Ashcroft, the newly appointed United States Attorney
General, is substituted for Janet Reno, the former Attorney
General, as a respondent in this action. Certified from the record

Date _____5-16-01_____
                Mary E. D'Andrea, Clerk

Per _____
                Deputy Clerk

asserting that his current detention violates the Fifth Amendment's prohibition on double punishment for the same offense.

We will not intrude into the INS's lawful attempt to litigate the correctness of the immigration judge's ruling. However, we do see merit in his due process claim, but instead of ordering his immediate release, we will require the agency to review whether he should be released on bond pending the outcome of the proceedings before the BIA.

II.    Background.

Gonzalez-DeLeon is a native and citizen of Guatemala. In June 1993, he entered the United States illegally. In July 1995, his status was adjusted to that of an asylee. On June 15, 1998, Gonzalez DeLeon pled guilty in the Central District Court of California of assault on a foreign official in violation of 18 U.S.C. § 112(a), (doc. 11, Ex. 3), and was sentenced on the same day to twenty-four months in prison and three years of supervised release.

In May 1999, the INS sent the Petitioner a Notice to Appear, informing him that under 8 U.S.C. § 1227(a)(2)(A)(iii), INA § 237(a)(2)(A)(iii), the agency intended to remove him from the United States on the basis that the assault conviction was an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)(F), INA §

2

101(a)(43)(F).  In July 1999, this ground for removal was
supplemented with the additional ground that Gonzalez-DeLeon had
been sentenced to more than one year in prison for that offense.[2]

In July 1999, the Petitioner had a hearing before an
immigration judge.  Although Gonzalez-DeLeon admitted the factual
basis of his offense, the immigration judge did not order his
removal.  Instead, he decided that the Petitioner's offense was
not a crime of violence and therefore not within the definition of
an aggravated felony.  (Doc. 1, Exs. 1 and 2).  Without an
aggravated felony, the proceedings against him were terminated,
and he was ordered released on his own recognizance.

On the INS's appeal of this order, the BIA reversed the
immigration judge on January 6, 2000, ruling that an assault on a
foreign official was indeed a crime of violence that made
Gonzalez-DeLeon removable as a person who had committed an
aggravated felony.  (Id., Ex 3).  On appeal, the Petitioner
contended that he was eligible for relief from deportation
pursuant to 8 U.S.C. § 1182(h), INA § 212(h).  Since Gonzalez-
DeLeon was not ineligible for relief under § 212(h) because he was

---

[2]In the meantime, it appears that the Petitioner was taken
into INS custody on June 25, 1999, after serving his twenty-four
month sentence.  (Petition at p. 5).

3

not a lawful permanent resident, the BIA remanded the matter for further proceedings.[3]

Gonzalez-DeLeon filed an application for "adjustment of status" under 8 U.S.C. § 1159(a), INA § 209(a).[4]  On May 3, 2000, after a hearing, the immigration judge granted the application and adjusted the Petitioner's status to lawful permanent resident and terminated removal proceedings.  Gonzalez-DeLeon had also applied for waivers under 8 U.S.C. § 1182(h), INA § 212(h), and 8 U.S.C. § 1159(c), INA § 209(c).  The immigration judge did not rule on these requests, considering it unnecessary to do so but noting that the waivers would have been granted on the basis that the Petitioner's offense was not a crime of moral turpitude.  The immigration judge ordered Gonzalez-DeLeon released on his own recognizance.

---

[3] Under 8 U.S.C. § 1182(h), the Attorney General may, in his discretion, waive the consequences of certain deportation orders. No waiver may be granted, however, in the case of an "alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if either since the date of such admission the alien has been convicted of an aggravated felony or the alien has not lawfully resided continuously in the United States for a period of not less than 7 years immediately preceding the date of initiation of proceedings to remove the alien . . . ."  Id.

[4] Section 1159(a) permits the adjustment of aliens who entered the United States as refugees under 8 U.S.C. § 1157, INA § 207.

4

AO 72A
(Rev.8/82)

On May 3, 2000, the agency filed a "Notice of INS Intent to Appeal Custody Redetermination," otherwise known as a Form EOIR-43, which under 8 C.F.R. § 3.19(i)(2), acted to stay the immigration judge's decision to release Gonzalez-DeLeon. The INS also appealed the decision to adjust the Petitioner's status and to terminate removal proceedings. Gonzalez-DeLeon remains in INS detention at York County Prison while the INS's appeal to the BIA is pending.

III.  Discussion.

    A.  The Double Jeopardy Claim.

The Petitioner argues that his Fifth Amendment right against double jeopardy has been violated because his detention is a second punishment for his assault conviction. We reject this claim.

Removal proceedings are civil in nature, not criminal, and the double jeopardy clause does not apply to bar a deportation as a double punishment for the criminal offense that might have led to the removal proceedings. See United States v. Yacobian, 24 F.3d 1, 10 (9th Cir. 1994). Detention pending removal is a necessary incident to the removal power, Zadvydas v. Underdown, 185 F.3d 279, 289-90 (5th Cir. 1999), cert. granted, 121 S.Ct. 297, 148 L.Ed.2d 239 (2000), and thus also does not violate double

5

jeopardy.  Cf. Chi Thon Ngo, supra, 192 F.3d at 397-98 (discussing Zadvydas in recognizing that the immigrant no doubt considers detention punishment but nonetheless accepting the power of the government to detain an alien subject to removal).

      B.   The Due Process Claim.

      The INS justifies the Petitioner's continued and indefinite detention on two grounds.  First, 8 U.S.C. § 1226(c), INA § 236(c), requires his mandatory detention until the BIA decides the agency's appeal.  Second, the statutory provision does not violate due process, citing, among other cases, Parra v. Perryman, 172 F.3d 954 (7th Cir. 1999).

      After the Respondents' brief was filed in this matter, we considered the constitutionality of section 1226(c) in Koita v. Reno, 113 F. Supp. 2d 737 (M.D. Pa. 2000).  In that case, we distinguished Parra and held that an alien being detained pending a final order of removal had a substantive and procedural due process right to be heard on whether he should be released on bond during that time.  We decided that the procedural requirements discussed in Chi Thon Ngo v. INS, 192 F.3d 390 (3d Cir. 1999), should apply; that is, that the immigrant be allowed an opportunity to show that he is not a danger to the community or a

6

flight risk.  Thus, we will require the same remedy for Gonzalez-DeLeon.[5]

     We will issue an appropriate order.


                                   _____
                                   William W. Caldwell
                                   United States District Judge

Date:  May 16, 2001


_____

     [5]Citing differing cases, we noted in Koita the unsettled
state of the law in this area.  Subsequent decisions have not
changed our mind.  See, e.g., Cardoso v. Reno, 127 F. Supp. 2d 106
(D. Conn. 2001)(finding a substantive due process right to an
opportunity for release pending a final order of removal); Juarez-
Vasquez v. Holmes, 2000 WL 170775 (E.D. Pa.) (requiring a hearing
on the immigrant's detention).

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FREDI ARMANDO GONZALEZ DE LEON, :
      Petitioner

                         :

        vs.               :    CIVIL ACTION NO. 1:CV-00-0702

                         :    **FILED**

JOHN ASHCROFT, et al.,           **HARRISBURG, PA**
      Respondents        :

                               **MAY 16 2001**

                O R D E R    MARY E. D'ANDREA, CLERK
                        Per _____
                               Deputy Clerk

AND NOW, this 16th day of May, 2001, it is ordered as

follows:

    1. The petition for a writ of habeas
corpus is granted as follows.

    2. Petitioner shall be released unless,
within thirty days of the date of this order,
the Respondents grant the Petitioner a review
of his detention in accord with the procedures
discussed in <u>Chi Thon Ngo v. INS</u>, 192 F.3d 390
(3d Cir. 1999) or other procedures that are as
favorable.

    3. The Clerk of Court shall close this
case, but Petitioner may reopen it if the
Respondents have not granted the Petitioner
the relief ordered within the deadline
imposed.

                          William W. Caldwell
                          United States District Judge

Certified from the record
Date _5-16-01_
      Mary E. D'Andrea, Clerk
Per _____
      Deputy Clerk

AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

May 16, 2001

Re: 1:00-cv-00702    Gonzalez De Leon v. Reno

True and correct copies of the attached were mailed by the clerk
to the following:

     Fredi Armando Gonzalez De Leon
     CTY-YORK
     57 441
     York County Prison
     3401 Concord Road
     York, PA  17402

     Dulce Donovan, Esq.
     U.S. Attorney's Office
     228 Walnut Street
     P.O. Box 11754
     Harrisburg, PA  17108

     David Barasch
     United States Attorney
     P.O. Box 11754
     228 Walnut Street
     Harrisburg, PA  17108

```
cc:
Judge                       (X )          (X) Pro Se Law Clerk
Magistrate Judge            (  )          (  ) INS
U.S. Marshal                (  )          (  ) Jury Clerk
Probation                   (  )
U.S. Attorney               (  )
Atty. for Deft.             (  )
Defendant                   (  )
Warden                      (  )
Bureau of Prisons           (  )
Ct Reporter                 (  )
Ctroom Deputy               (  )
Orig-Security               (X )
Federal Public Defender     (  )
Summons Issued              (  ) with N/C attached to complt. and served by:
                                 U.S. Marshal (  )    Pltf's Attorney (  )

Standard Order 93-5         (  )
Order to Show Cause         (  ) with Petition attached & mailed certified mail
```

to:  US Atty Gen    ( )    PA Atty Gen ( )
DA of County    ( )    Respondents ( )

Bankruptcy Court          ( )
Other_____INS____(X)

MARY E. D'ANDREA, Clerk

DATE: May 16th, 2001

BY: _____
     Deputy Clerk